

Whyte Hirschboeck Dudek S.C.

October 22, 2012

**VIA ELECTRONIC FILING**
Honorable Rudolph T. Randa
U.S. District Court Judge
Eastern District of Wisconsin
517 E. Wisconsin Avenue
Milwaukee, WI 53202

   Re: Archdiocese of Milwaukee v. Official Committee,
      Case No. 2:12-CV-00580 RTR

Dear Judge Randa:

  On behalf of the Archdiocese of Milwaukee (the "Archdiocese"), we write to provide an update on the recent developments in In re Archdiocese of Milwaukee, No. 11-20059-SVK (Bankr. E.D. Wis.), which may have a bearing on the Archdiocese's *Motion to Withdraw the Reference for Claims Allowance and Disallowance pursuant to 28 U.S.C. § 157(d)* (the "Motion"), currently pending before this Court in Archdiocese of Milwaukee v. Official Committee of Unsecured Creditors, No. 12-CV-580 (E.D. Wis.).

  On March 15, 2012, the Archdiocese filed the Motion asking this Court to withdraw the reference so that the Archdiocese's objections to seven (7) claims (the "New Objections") could be promptly heard and consolidated with the appeals[1] currently pending before this Court (the "Appeals"). The Motion is fully briefed by all parties.

  On July 17, 2012, the Bankruptcy Court entered an order appointing the Honorable Randall J. Newsome, retired Chief Judge of the United States Bankruptcy Court for the Northern District of California, as case mediator [Bankr. Dkt. No. 917]. The Order Appointing Mediator provided that "the Parties shall not initiate formal discovery or file any substantive pleadings (including pleadings related to discovery or objections to applications for reimbursement of professional fees and expenses) in the chapter 11 case, any contested matter or any adversary proceeding, including but not limited to ongoing litigation involving claims allowance and disallowance, the Adversary Proceeding and the Parish Deposit Funds." The Order Appointing Mediator expired on

---

[1] Cases Nos. 12-CV-288, 12-CV-289, 12-CV-290, 12-CV-291, and 12-CV-292.

WHD/8691393.1
555 EAST WELLS STREET | SUITE 1900 | MILWAUKEE, WI 53202-3819 | TEL 414 273 2100 | FAX 414 223 5000 | WWW.WHDLAW.COM
OFFICES IN MILWAUKEE AND MADISON

Case 2:12-cv-00580-RTR Filed 10/22/12 Page 1 of 3 Document 5

October 12, 2012, and Judge Newsome advised the Bankruptcy Court that the mediation had reached an impasse.

As a result, the Bankruptcy Court held a status conference on October 18, 2012. During the status conference, the Bankruptcy Court imposed deadlines for various matters in the chapter 11 bankruptcy proceeding, including deadlines associated with claims that are addressed in the Motion. Specifically, the Archdiocese's reply in support of the New Objections is due by November 9, 2012, and the Bankruptcy Court scheduled a hearing on the New Objections for November 28, 2012.

The Archdiocese continues to believe that withdrawing the reference is in the best interests of the estate. As detailed in the Motion, withdrawing the reference and consolidating the Appeals and the New Objections would promote judicial economy, uniformity, and efficiency because both the Appeals and the New Objections raise similar issues. The New Objections concern the proper application of law rather than a determination of facts. The Archdiocese also expects that any ruling from the Bankruptcy Court on the New Objections will almost certainly be appealed to this Court.

This Court's prompt disposition of the Motion will also aid the parties in light of new demands made by the Committee to commence incredibly expensive litigation against non-debtor parties which have no connection to the Archdiocese's chapter 11 bankruptcy proceeding. On October 15, 2012, the Committee made three demands on the Archdiocese. First, the Committee demanded that the Archdiocese sue every parish in the Archdiocese for a declaratory judgment determining that the Archdiocese and the parishes located in the Archdiocese (the "Parishes") are alter egos of each other, and for substantive consolidation of all of the Parish assets into the Archdiocese. All of the parishes are separate corporations organized in accordance with Chapter 187 of the Wisconsin Statutes.[2] Second, the Committee demanded that the Archdiocese either concede that the Cousins Center, which is owned by De Sales Preparatory Seminary, Inc. ("De Sales Preparatory Seminary") is an asset of the Archdiocese's chapter 11 estate, or stipulate that the Committee has standing to sue De Sales Preparatory Seminary, which is a separate corporation formed on October 9, 1961, and which is the Archdiocese's landlord and a party to the Archdiocese's sub-lease with the Milwaukee Bucks, Inc. dated April 29, 1997. Finally, the Committee demanded that the Archdiocese commence an adversary proceeding against the Trustees of the Faith In Our Future Trust ("FIOF"), a charitable trust established for the specific purpose of promoting and supporting Catholic education and faith formation within the Southeastern Wisconsin Catholic Community, on the grounds that the Archdiocese allegedly fraudulently transferred its goodwill, donor lists and lists of potential donors to the FIOF, and that the FIOF allegedly tortuously interfered with the Archdiocese's prospective economic advantage.

---

[2] There are over 200 individual parishes within the 10-county Archdiocese.

On October 18, 2012, the Committee made the additional demand that the Archdiocese immediately commence litigation against Certain Underwriters at Lloyd's, London and Certain London Market Companies (collectively "Lloyds of London") and Stonewall Insurance Company ("Stonewall") for a determination of their obligations to defend and/or indemnify the Archdiocese for sexual abuse claims filed against the Archdiocese in the Chapter 11 proceeding, and that the Archdiocese join the Committee as a co-plaintiff.

The Committee's demands underscore the importance of resolving whether there are any legally valid claims. The Archdiocese strongly believes that all of the claims, including those that are the subject of the New Objections and the Appeals, are not allowable under applicable bankruptcy law. Withdrawing the reference for the New Objections will consolidate the proceedings, eliminate one level of appeal, save the parties money by eliminating a hearing and additional briefing, and bring much-needed clarity to the claims issues.

We further understand that the Bankruptcy Court obtained this Court's agreement to stay any decisions on any matters pending before you during the mediation period. In light of the expiration of the stay of proceedings in the Order Appointing Mediator and the new developments discussed above, the Archdiocese respectfully suggests that it might now be timely for this Court to decide this Motion or schedule a hearing on it prior to the Bankruptcy Court hearing scheduled for November 28, 2012. Thank you for your consideration of this request.

Sincerely,

Francis H. LoCoco
Counsel for the Archdiocese of Milwaukee
Wis. Bar No. 1012896

cc: Service List