October 23, 2012

FILED VIA CM/ECF

Honorable Rudolph T. Randa
U.S. District Court Judge
Eastern District of Wisconsin
517 E Wisconsin Avenue
Milwaukee, WI 53202

RE: Archdiocese of Milwaukee v. Official Committee,
Case No. 2:12-CV-00580 RTR

Dear Judge Randa:

On behalf of the Official Committee of Unsecured Creditors (the "Committee"), we respond to the letter addressed to the Court by counsel for the Archdiocese of Milwaukee ("Archdiocese Counsel") on October 22, 2012. Although we do not believe it necessary or appropriate to substantively respond to each of the misstatements and factual mischaracterizations in the letter, some matters require an immediate response.

Under the guise of providing an update to the Court, the letter makes inappropriate substantive arguments to the Court concerning the merits of the Motion (which has been fully briefed). The letter also improperly raises issues that are not currently before the Court but which could come before this Court in the future, including the Archdiocese belief that all the claims of the survivors of sex abuse are invalid and a purported description of the Committee's demands that the Archdiocese pursue claims the bankruptcy estate has against third parties.

Suffice it to say that position of the Archdiocese and its counsel that approximately 575 claims of the victims of childhood sex abuse filed in the bankruptcy case are invalid is a matter of substantial controversy.

Moreover, Archdiocese Counsel fails to apprise the Court that if the Archdiocese does not attempt to monetize the assets of its bankruptcy estate for the benefit of its creditors, including the claims for which the Committee has made demand, or agree to allow the Committee to pursue

HOWARD
SOLOCHEK
& WEBER, S.C.
Attorneys at Law

Albert Solochek

Andrew N. Herbach

Jonathan H. Dudley

Jason R. Pilmaier

Dennis J. Elverman

324 East Wisconsin Avenue

Suite 1100

Milwaukee, Wisconsin 53202

Telephone

414-272-0760

Facsimile

414-272-7265

www.hswmke.com

the claims, the standing of the Committee to pursue the claims will be determined by the Bankruptcy Court.

The Archdiocese incorrectly suggests that a ruling by this Court on the Motion (which pertains to 3 of approximate 575 claims filed by the victims of childhood sex abuse) will somehow impact whether the estate's claims are pursued. The Archdiocese does not explain why this is so and the Committee does not believe it to be true. Irrespective of how the Court rules on the Motion or the outcome of the New Objections, the bankruptcy estate still has an obligation to monetize its assets for the benefit of its creditors.

While the Committee would be happy to respond in greater detail to the substance of the letter if the Court invites a substantive response, the Committee believes that the Court should simply ignore the gratuitous arguments contained in the letter and set a scheduling conference to discuss the next steps in the case, if the Court deems it appropriate.

Very truly yours,

*Albert Solochek*

Albert Solochek

CC: Bruce G. Arnold
Daryl L. Diesing
Francis H LoCoco
Michael E. Gosman
Jeffrey R. Anderson
Michael G. Finnigan

HOWARD SOLOCHEK & WEBER, S.C.
Attorneys at Law

Albert Solochek
Andrew N. Herbach
Jonathan H. Dudley
Jason R. Pilmaier
Dennis J. Elverman

324 East Wisconsin Avenue
Suite 1100
Milwaukee, Wisconsin 53202

Telephone
414-272-0760
Facsimile
414-272-7265

www.hswmke.com