UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

In re:

ARCHDIOCESE OF MILWAUKEE,　　　　　　　　　　　　　Case No. 12-C-580
Bankruptcy Case No. 11-20059-svk,

　　　　　Debtor.

---

ARCHDIOCESE OF MILWAUKEE,

　　　　　Appellant,

　　-vs-　　　　　　　　　　　　　　　　　　　　　Case Nos. 12-C-288
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　12-C-289

JOHN DOES, Claimants A-12 and A-13,

　　　　　Appellees.

------------------------------------------------------------------------

JOHN DOES, Claimants A-12, A-13, and A-49,

　　　　　Appellants,

　　-vs-　　　　　　　　　　　　　　　　　　　　　Case Nos. 12-C-290
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　12-C-291
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　12-C-292

ARCHDIOCESE OF MILWAUKEE,

　　　　　Appellee.

------------------------------------------------------------------------

---------------------------------------------------------------------

**JOHN DOES,**

                    Appellants,

        -vs-                                                                Case No. 12-C-512

**ARCHDIOCESE OF MILWAUKEE**,

                    Appellant.

## DECISION AND ORDER

The above-captioned appeals arise out of Chapter 11 bankruptcy proceedings for the Archdiocese of Milwaukee. Also before the Court is the Archdiocese's motion for the district court to withdraw the reference to the bankruptcy court for purposes of claim allowance and disallowance. The underlying claims generally allege that the Archdiocese knowingly permitted pedophile priests to serve in the claimants' respective parishes without warning the claimants or their families of the dangers posed by those priests. More than 550 claims were filed. With respect to certain claimants, the bankruptcy court issued a ruling dismissing the negligence claims and allowing the fraud claims to proceed past summary judgment. The Archdiocese appeals the latter ruling, and the claimants appeal the former. For the reasons that follow, the Court lacks jurisdiction to decide any of these appeals, and the reference will not be withdrawn.

The Court does have jurisdiction over the appeal of one claimant, whose claim was dismissed pursuant to a settlement agreement. The bankruptcy court's decision to dismiss this claim is affirmed.

Finally, the claimants move to withdraw an additional appeal relating to the sealing or unsealing of certain documents. The Archdiocese does not oppose this motion, which is granted.

## I.     Case Nos. 12-C-288 and 289

The first two appeals relate to the fraud claims of John Does A-12 and A-13. A-12 alleges that he was sexually abused by Father Franklyn Becker, the Associate Pastor at Holy Family Parish in Whitefish Bay, Wisconsin, from 1972 through 1974 when he was approximately thirteen to sixteen years old. A-13 alleges that he was sexually abused by Robert Schaefer, the Choir Director at St. Catherine Church in Milwaukee, Wisconsin, from 1976 through 1982 when he was approximately ten to sixteen years old. The Archdiocese moved for summary judgment on these claims, arguing that they were barred by Wisconsin's six-year statute of limitations for fraud claims. Wis. Stat. § 893.93(1)(b). The bankruptcy court denied this motion, holding that the issue of when the claimants discovered or should have discovered their fraud claims is an issue of fact for trial. *In re Archdiocese of Milwaukee*, 470 B.R. 495, 504 (Bankr. E.D. Wis. 2012).

This is an interlocutory appeal. 28 U.S.C. § 158(a)(3) ("The district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from other interlocutory orders and decrees"). In this context, district courts generally apply the

-3-

standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district court to the court of appeals. *In re OBT Partners*, 218 B.R. 418, 419 (N.D. Ill. 1998); *In re Energy Insulation, Inc.*, 143 B.R. 490, 493 (N.D. Ill. 1992). Under that test, an interlocutory appeal is appropriate when it involves a controlling question of law over which there is a substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the termination of the litigation. § 1292(b); *Trustee of Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898, 900 (N.D. Ill. 1997). The test is conjunctive, meaning that all of the requirements must be satisfied. *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). Ultimately, the party seeking an interlocutory appeal must show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

A cause of action for fraud "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud." § 893.93(1)(b). The bankruptcy court explained that there is a "disputed issue of material fact about whether the evidence here put the Claimants on notice of the Debtor's alleged fraud sufficient to start the statute of limitations clock." 470 B.R. at 504. The denial of a motion for summary judgment is a "paradigmatic example of an interlocutory order that normally is not appealable," especially where the party opposing summary judgment raises a genuine issue of material fact. *Ahrenholz* at 676. "We think 'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common

-4-

Case 2:12-cv-00580-RTR   Filed 10/29/12   Page 4 of 16   Document 7

law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact. . . . The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case. . . . But to decide whether summary judgment was properly granted requires hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there. . . ." *Id.* at 676-77 (internal citations omitted).

That being said, the Archdiocese argues that the bankruptcy court erred because it applied a subjective test when it should have applied an objective test to the issue of accrual. After reviewing the case law in Wisconsin, the bankruptcy court found that in "emphasizing the information *brought home* to the aggrieved party and focusing on the sophistication of that party in determining whether the information is sufficient to require an inquiry, Wisconsin courts apply a subjective test." *Archdiocese of Milwaukee* at 503 (emphasis added). "When the information *brought home* to the aggrieved party is such as to indicate where the facts constituting the fraud can be effectually discovered upon diligent inquiry, it is the duty of such party to make the inquiry, and if he fails to do so within a reasonable time he is, nevertheless, chargeable with notice of all facts to which such inquiry might have led." *Koehler v. Haechler*, 133 N.W. 2d 730, 731-32 (Wis. 1965) (emphasis added). The Archdiocese concedes that there is both an objective and a subjective component to this test, and this concession reveals the fatal flaw in their argument. The focus of the subjective

component is on what a particular plaintiff knew, such that an objectively reasonable inquiry would then lead to the fraud being discovered. "Under the rule quoted above, it is not necessary that a defrauded party have knowledge of the ultimate fact of fraud. What is required is that it be in possession of such essential facts as will, *if diligently investigated*, disclose the fraud. The burden of diligent inquiry is upon the defrauded party *as soon as he has such information as indicates where the facts constituting the fraud can be discovered*." *Koehler* at 732 (emphasis added). In other words, the objective component does not come into play until a plaintiff has enough information to be "chargeable with notice of all facts to which" a diligent inquiry "might have led." *Id.* As the bankruptcy court explained, the claimants "are not sophisticated business people claiming to have been tricked in a stock sale or commercial transaction; rather, they are the survivors of childhood sexual abuse by a priest and a choir director. The fraud they assert is the alleged misrepresentation that a known child molester was not dangerous to children – an almost unthinkable misrepresentation considering the source is alleged to be the Church hierarchy itself." *Archdiocese of Milwaukee* at 504.

Accordingly, the bankruptcy court did not apply the wrong legal standard when it denied the Archdiocese's motion for summary judgment. The bankruptcy court held that genuine issues of material fact precluded the entry of summary judgment in favor of the Archdiocese. This is not the proper subject for an interlocutory appeal.

## II.  Case Nos. 12-C-290 and 12-C-291

These appeals relate to A-12 and A-13's claims for negligent failure to warn. The bankruptcy court granted the Archdiocese's motion for summary judgment with respect to these claims. The bankruptcy court then certified that portion of the order as a final judgment pursuant to Federal Rule of Civil Procedure 54(b), which provides that when an action "presents more than one claim for relief" a court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b) applies in bankruptcy proceedings. Fed. R. Bankr. P. 7054(a); *Murphy v. Sec. Investor Prot. Corp.*, No. Civ.A. 05-2311, 2005 WL 2649310 (E.D. Pa. Oct. 14, 2005) (dismissing bankruptcy appeal for improper Rule 54(b) certification).

A proper Rule 54(b) order requires two determinations: that the order in question was truly a "final judgment," and that there is no just reason to delay the appeal of the claim that was "finally" decided. *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011). The Court reviews the first determination de novo and the second for an abuse of discretion. *Id*. The bankruptcy court made no findings with respect to the first inquiry, and simply parroted the language of the rule with respect to the second inquiry. March 23, 2012 Order on Federal Rule of Civil Procedure 54(b) Certification. Neither party addresses the sufficiency of the certification, but appellate courts are "duty bound to take the matter up *sua sponte*" since it "implicates the scope of . . . appellate jurisdiction." *Credit Francais Intern., S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996); *Gen Ins.* at 378 ("The parties agreed

in their jurisdictional statements that appellate jurisdiction is premised on the judge's entry of a Rule 54(b) judgment. Yet the parties cannot consent to this court's jurisdiction; we must satisfy ourselves that appellate jurisdiction is secure").

A final judgment within the ambit of Rule 54(b) is a judgment in the sense that it is a "decision upon a cognizable claim for relief," and it is final in the sense that it is an "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Generally speaking, courts focus on the "degree of factual overlap between the issue certified for appeal and the issues remaining" in the lower court. *Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co.*, 860 F.2d 1441, 1444 (7th Cir. 1988); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008) (analysis involves "comparing the issues at stake in the appealed claims and those remaining in the district court"). "Subsumed within the significant factual overlap theory is the rule that a claimant who has set forth a number of legal theories in support of only one possible recovery has stated only one claim for relief." *Am. Cyanamid* at 1445. "It is clear on the one hand that claims can be separate even if they have some factual overlap, . . . and on the other hand that they cannot be separate if together they constitute a *single cause of action for res judicata purposes*, or if the claimant could not recover separately on each claim." *Minority Police Officers Ass'n of South Bend v. City of South Bend, Inc.*, 721 F.2d 197, 200 (7th Cir. 1983) (emphasis added).

-8-

Under Wisconsin's "transactional approach" to claim preclusion,[1] "all claims arising out of one transaction or factual situation are treated as being part of a single cause of action and they are required to be litigated together." *Menard, Inc. v. Liteway Lighting Prods.*, 698 N.W. 2d 738, 746 (Wis. 2005). The claims in this case arise out of one transaction or factual situation: the Archdiocese's employment of priests who were known pedophiles. The claimants advance two legal theories but they are the same claim for purposes of Rule 54(b). *Kruckenberg v. Harvey*, 694 N.W. 2d 879, 886 (Wis. 2005) ("Under the transactional approach, the legal theories, remedies sought, and evidence used may be different between the first and second actions. The concept of a transaction connotes a common nucleus of operative facts"); *Silcox v. United Trucking Serv., Inc.*, 687 F.2d 848, 852 (6th Cir. 1983) (matters are identical for res judicata purposes when they "arise out of the same transaction or occurrence and seek recovery for the same injury"); *Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir. 1982) ("[e]ven though one group of facts may give rise to different claims for relief on different theories of recovery, there remains a single cause of action"); *Gerardi v. Pelullo*, 16 F.3d 1363, 1369 (3d Cir. 1994) ("alternative theories of recovery based on the same factual situation are but a single claim, not multiple ones").

Even assuming, for the sake of argument, that the bankruptcy court's ruling with respect to the negligence claims is a final judgment on a separate claim, that does not end the inquiry because there still must be a finding that there is no just reason for delay. Under Rule 54(b), the function of the lower court is to act as a "'dispatcher' . . . to determine the

---

[1] In Wisconsin, the term "claim preclusion" has replaced "res judicata." *Barber v. Weber*, 715 N.W. 2d 683, 687 n.3 (Wis. Ct. App. 2006).

-9-

'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright* at 8. Rule 54(b) judgments are generally disfavored because they allow piecemeal appellate litigation. *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999). "Courts may not accommodate attorneys just because they want to appeal immediately; a separate judgment under Rule 54(b) multiplies the costs of litigation for opposing parties and for the appellate court, and these interests deserve thoughtful consideration." *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990).

The bankruptcy court did not analyze whether the issues on appeal are "separable from the others remaining to be adjudicated" or whether "the nature of the claims already determined" are such that "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright* at 8. The bankruptcy court's analysis of such factors would be entitled to substantial deference, but in the absence of any analysis, the Court must conclude that the bankruptcy court's certification was premature. The lack of an explanation does not necessarily defeat appellate jurisdiction, but that is only where the "reasons are apparent from the record." *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). Here, the reasons are not apparent, and the Court would benefit from the bankruptcy court's intimate knowledge with a complex case. *Cont'l Cas. Co.* at 518 (lower court "is required to make a discretionary judgment, balancing the advantage of allowing an immediate appeal against the advantage of delaying the appeal until the pending claims can be resolved so that all can be decided in a single appeal at a later time"); *Horn* at 592 (when the lower court "does not explain [its] decision,

-10-

Case 2:12-cv-00580-RTR   Filed 10/29/12   Page 10 of 16   Document 7

an appellate court should be skeptical. . . . a [court that] sets down in writing (or articulates in court) the reasons pro and con, and [its] method of reaching a decision, must work through the factors before deciding, and we then may be sure that the conclusion is based on appropriate considerations even if not necessarily one we would have reached ourselves").

Notwithstanding the defects in the entry of judgment under Rule 54(b), the Court will proceed to consider whether the claimants should be granted leave to pursue these appeals on an interlocutory basis. *See Escondido Mission Village L.P. v. Best Prods. Co., Inc.*, 137 B.R. 114, 115 (S.D.N.Y. 1992) (district court may treat a timely notice of appeal from an interlocutory order as a motion for leave to appeal). As discussed above, the Court analyzes whether an appeal involves a controlling question of law over which there is a substantial ground for difference of opinion, and whether an immediate appeal from the order may materially advance the termination of the litigation. § 1292(b).

The bankruptcy court concluded that the negligent failure to warn claims are time-barred because they "are derivative of and accrued at the same time as the original abuse claims, and thus share the same statute of limitations." *Archdiocese of Milwaukee* at 501. This conclusion was based primarily on a Wisconsin Supreme Court case which holds that negligent supervision claims against the Archdiocese are "derivative of the underlying sexual molestations by the priests. As such, those claims accrued, as a matter of law, by the time of the last incident of sexual assault." *John Doe I v. Archdiocese of Milwaukee*, 734 N.W. 2d 827, 838-39 (Wis. 2007). The claimants' strained efforts to distinguish their failure to warn claims from the failure to supervise claims in *John Doe I* fell on deaf ears in the

-11-

bankruptcy court, and there is no reason to rehash this straightforward issue on appeal, especially an interlocutory appeal. Suffice it to say, as the bankruptcy court explained, that "no Wisconsin court has recognized the distinction. In fact, *John BBB Doe* [*v. Archdiocese of Milwaukee*, 565 N.W. 2d 94, 115 (Wis. 1997)] called a claim for failure to report child abuse 'derivative of the underlying intentional tort claims.' Moreover, conceptually a negligent failure to warn claim fits squarely within the broad *John Doe I* definition – a claim based on an employee's wrongful act (priest abuse) allegedly caused by an employer's negligence (failing to warn about the abusive priest)." *In re Archdiocese* at 500. Accordingly, there are no substantial grounds for difference of opinion on the issue raised by these appeals. The federal courts are not the appropriate forum to re-write Wisconsin tort law.

**III.   Motion to Withdraw the Reference: Case No. 12-C-580**

"The district court may withdraw, in whole or in part, any case or proceeding under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The basis for this motion is that the above-referenced appeals involve issues that are similar if not identical to the issues raised in a new round of objections filed by the Archdiocese in bankruptcy court. Given that the Court does not have jurisdiction over any of those appeals, withdrawal of the reference would not promote judicial economy. *In re Peanut Corp. of Am.*, 407 B.R. 862, 865 (W.D. Va. 2009) (listing factors, including "expediting the bankruptcy process and promoting judicial economy").

**IV.   Case No. 12-C-292: John Doe A-49**

John Doe A-49 alleges that Father David Hansher, Associate Pastor of St. John Vianney Parish in Brookfield, Wisconsin, sexually abused him in 1977 or 1978 when he was 7 years old. A-49 opted to participate in the Archdiocese's voluntary mediation program to resolve all claims arising out of that abuse. On January 10, 2007, A-49 agreed to fully settle his claims against the Archdiocese for $100,000. A-49 claims that he was fraudulently induced to enter into the settlement agreement by certain statements made during the mediation. The bankruptcy court granted the Archdiocese's motion for summary judgment pursuant to the releases in the settlement agreement because A-49 did not present any evidence of his reliance on the alleged fraudulent statements. *In re Archdiocese of Milwaukee*, 2012 WL 528141, *4 (Bankr. E.D. Wis. Feb. 17, 2012). Unlike the foregoing appeals, the Court has jurisdiction over this appeal because the bankruptcy court's decision is a final judgment, order or decree with respect to all of A-49's claims against the Archdiocese. § 158(a)(1); *Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1299 (7th Cir. 1997) ("we treat as final those orders that ultimately determine a creditor's position in the bankruptcy proceeding, even though administration of the debtor's estate continues").

Detrimental reliance is a required element of a claim for fraudulent inducement. *Kailin v. Armstrong*, 643 N.W. 2d 132, 146 (Wis. Ct. App. 2002); *Peters v. Kell*, 106 N.W. 2d 407, 414 (Wis. 1960) ("a false representation must be relied and acted upon in order to be actionable"). As the bankruptcy court explained, "A-49 simply asserts that he believed the allegedly fraudulent statements, and the statements were 'very important' to him. Not once does he allege that if he knew the statements were not true, he would not have entered

-13-

into the Settlement Agreement. He does not state that he relied on the statements in deciding to settle with the Debtor. He does not represent that he would have acted differently if he had known the truth." 2012 WL 528141, at *4. This is a correct application of Wisconsin law. A-49 needed to produce specific evidence of detrimental reliance in order to withstand summary judgment. *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772-73 (7th Cir. 2012) ("To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor").

A-49 argues that the bankruptcy court should have allowed him to either give live testimony at the summary judgment hearing or provide a supplemental affidavit. The bankruptcy court's evidentiary rulings are reviewed for an abuse of discretion. *In re Salem*, 465 F.3d 767, 778 (7th Cir. 2006); *Paloian v. Grupo Serla S.A. de C.V.*, 433 B.R. 19, 46 (N.D. Ill. 2010). The proper inquiry is not how the reviewing court would have ruled if it had been considering the case in the first place, but rather whether any reasonable person could agree with the lower court. *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004). For a variety of reasons, oral testimony at summary judgment hearings should be used "sparingly and with great care." *Seamons v. Snow*, 206 F.3d 1021, 1026 (10th Cir. 2000). "Oral testimony cannot, under Federal Rule of Civil Procedure 56, lead to a finding on a genuinely disputed fact, but only a determination as to which facts are not genuinely disputed. That is probably why the taking of oral testimony on summary judgment is so rare – it would ordinarily be a waste of time." *Thompson v. Mahre*, 110 F.3d 716, 720 (9th Cir. 1997); *Stewart v. RCA Corp.*, 790 F.2d 624, 628 (7th Cir. 1986) (a judge "may not assess the

credibility of witnesses to decide a motion for summary judgment"). Moreover, the timing of the proffer was inherently suspicious since the claimant tried to supplement his submissions only after he realized or at least suspected that the bankruptcy court was going to deny the claim. *See* Transcript of February 9, 2012 Hearing at 35 ("You know what it tells me, Your Honor. It tells me they know the elements of fraud in the inducement. They obviously talked to their client. Their client honestly signed an affidavit under oath and couldn't say that he was induced into this through fraud. So I strenuously object to taking testimony now on this issue, including – especially because the court point[ed] out, we raised it"). Under these circumstances, the bankruptcy court did not abuse its discretion.

**V.    Case No. 12-C-512**

This appeal relates to the bankruptcy court's April 9, 2012 Order regarding a motion to unseal certain documents. The appellants move to withdraw this appeal, and the Archdiocese does not object. The Court will not subject the dismissal to any terms or conditions. Fed. R. Bankr. P. 8001(c)(2).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Case Numbers 12-C-288, 12-C-289, 12-C-290, and 12-C-291 are all **DISMISSED** for lack of jurisdiction;

2. The motion to withdraw the reference, Case No. 12-C-580, [ECF No. 1], is **DENIED**;

3. With respect to Case Number 12-C-292, the decision of the bankruptcy court is **AFFIRMED**;

4. The appellant's motion to dismiss the appeal in Case No. 12-C-512 [ECF No. 5] is **GRANTED**; and

5. The Clerk of Court will enter judgment in these cases as appropriate.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2012.

                                             **BY THE COURT:**

                                             *Rudolph T. Randa*
                                             **HON. RUDOLPH T. RANDA**
                                             **U.S. District Judge**